**Todd M. Friedman (216752)**
**Meghan E. George (274525)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**mgeorge@toddflaw.com**
**abacon@toddflaw.com**

*Attorneys for Plaintiff, Calvin Smith*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN SMITH, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNIRUSH, LLC d/b/a UNIRUSH FINANCIALSERVICES, RUSH COMMUNICATIONS, LLC, RUSH COMMUNICATIONS of NYC, INC.,META FINANCIAL GROUP, INC., and METABANK,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3) Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br>(4) Negligence<br>(5) Fraud and Misrepresentation<br>(6) Unjust Enrichment<br>(7) Breach of Contract<br>(8) Conversion<br>(9) Breach of Fiduciary Duty<br><br>**Jury Trial Demanded** |

Case 2:16-cv-02533-SVW-E Document 1 Filed 04/13/16 Page 2 of 20 Page ID #:2

Plaintiff Calvin Smith ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION AND PARTIES

1. This action is brought by Plaintiffs, individually and on behalf of a class of similarly situated holders of a RushCard, a prepaid Visa card promoted and sold through Defendants UniRush LLC d/b/a UniRush Financial Services, Rush Communications, LLC, Rush Communications of NYC, Inc. (collectively, "Rush") and issued by Meta Financial Group, Inc. and MetaBank (collectively, "MetaBank"). Plaintiffs seek damages and injunctive relief based upon the unlawful conduct of Defendants in denying such account holders the ability to obtain funds in their accounts and in misappropriating funds held in the RushCard accounts.

2. As a result of Defendants' bad faith, and unfair and unlawful conduct, Plaintiff and Class members have been prevented from accessing their protected assets to purchase items as basic as food, clothing and shelter. Defendants have converted some monies for their own use and have unlawfully imposed fees and charges on Plaintiffs and Class members.

3. Plaintiffs and Class members seek damages, exemplary and punitive damages where appropriate and allowed, and an injunction enjoining the continuation of Defendants' unlawful conduct, restitution and disgorgement.

4. Defendant UniRush LLC d/b/a UniRush Financial Services, is a Delaware limited liability company with its principal place of business located in Cincinnati, Ohio.

5. Defendant Rush Communications, LLC, is a Delaware limited liability company with its principal place of business in New York, New York.

6. Defendant Rush Communications of NYC, Inc., is a Delaware corporation with its principal place of business in New York, New York.

CLASS ACTION COMPLAINT

7. According to the website, www.rushcommunications.com, "Rush Communications" is the holding company for UniRush LLC d/b/a UniRush Financial Services.

8. Defendant Meta Financial Group, Inc., is a Delaware limited liability company with its principal place of business in Sioux Falls, South Dakota.

9. Defendant MetaBank is a federally chartered savings bank with its headquarters in Sioux Falls, South Dakota.

10. According to the website, www.metafinancialgroup.com, Meta Financial Group, Inc. is the holding company for MetaBank.

11. Whenever reference in this Complaint is made to any act of Defendants, the allegation shall be deemed to mean that the officers, directors, agents, representatives, subsidiaries, affiliates and employees of the Defendants did or authorized the act while actively engaged in the management, direction, or control of the affairs of the corporate Defendant, and while acting within the course and scope of their employment.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

12. According to the Federal Deposit Insurance Corporation, approximately 17 million Americans are considered "unbanked" as they are without bank accounts. Another 58 million are "underbanked," meaning they lack access to traditional banking services, from check cards to saving accounts.

13. In January of 2003, Rush began offering the RushCard to consumers throughout the country. The RushCard is a prepaid VISA card currently issued by MetaBank pursuant to a license from Visa USA, Inc.

14. According to its website, the RushCard was established to help those Americans who did not have access to traditional banking services by providing them with financial services. RushCard was established with a belief that "every

American should have access to an affordable place to keep their hard-earned money – one that's safe and convenient."[1]

15. The RushCard may be used online, in stores or anyplace one might use a normal debit card, which makes it more convenient than cash or checks. Account holders may access their funds through ATM machines and load money onto the card at various retail locations. 24. The RushCard allows account holders to have their employment wages directly deposited to the card. In fact, Rush advertises that funds directly deposited to the RushCard will be available to the account holder two days sooner than if the direct deposit was made to a traditional banking account.

16. RushCard charges account holders fees such as monthly fees, ATM withdrawal fees, transaction fees, balance inquiry fees, bank counter withdrawal fees, and fees for inactive accounts.

17. On or about October 11, 2015, some RushCard customers received notice, by text message, that RushCard would be updating its system from 3 a.m. to 8 a.m. ET on October 12, 2015, during which time customers would be unable to access their accounts, for funds or information.

18. Unfortunately, the "temporary" loss of access to accounts lasted longer than the expected five hour period. The system remained down, with customers locked out, for many days. Several customers still have not regained access.

19. Plaintiff requested that a new card be sent to him, and it took him over two months to receive his card, during which time he had no access to the funds that were in his account.

20. Once Plaintiff finally received a new card, his card would not activate through the systems activation line. Plaintiff, and customers similarly situated, has

---

[1] https://www.rushcard.com/About-Us?clicksource=learnmorebutton (accessed April 7, 2015).

contacted the customer service line a number of times to speak with supervisors about getting access to the funds in his account, and activating his card. On each occasion no supervisor was able to help Plaintiff at any time.

21. For over three months, Plaintiff was unable to access the funds in his account, and was unable to pay his household bills that he needed to support his family.

22. Plaintiff was routinely denied access to his own funds, was denied the promise of unlimited transactions and withdrawals, and was damaged by Defendant's false representations. Plaintiffs and Class Members were fraudulently induced into purchasing RushCards and depositing money into their RushCard accounts because they were lead to believe their funds would be "safe and protected" with unhindered access to these monies.

23. The aforementioned representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

24. Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations to consumers in California that their money will be accessible to them once placed in a Rushcard account.

25. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and withholding immediate access by consumers to their accounts and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

26. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

27. This matter is properly venued in the United States District Court for

the Central District of California, in that Defendant does business in the Central District of California and has its principal place of business and headquarters within this district. A substantial portion of the events giving rise to Defendant's liability took place in this district.

28. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

29. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

31. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers residing in California, who held a RushCard and between the applicable statute of limitations and the present, were denied access to their accounts and funds.
>
> As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

32. Excluded from the Class are Defendant, its affiliates, employees,

agents, and attorneys, and the Court.

33. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

34. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

35. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

36. Rather, all claims in this matter arise from the identical, false, affirmative written statements that the services would be provided for Class Members', when in fact, such representations were false.

37. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

> (a) whether Defendants owed duties to Plaintiffs and the proposed classes, the scope of those duties and if they breached those duties;
>
> (b) whether Defendants' conduct was unfair or unlawful;
>
> (c) whether Defendants breached their contracts with Plaintiffs and the proposed classes;
>
> (d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;
>
> (e) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;
>
> (f) Whether Plaintiff and Class Members are entitled to equitable

and/or injunctive relief;

(g) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(h) The method of calculation and extent of damages for Plaintiff and Class Members.

38. Plaintiff is a member of the class he seeks to represent

39. The claims of Plaintiff are not only typical of all class members, they are identical.

40. All claims of Plaintiff and the class are based on the exact same legal theories.

41. Plaintiff has no interest antagonistic to, or in conflict with, the class.

42. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff was unable to access his personal funds during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Class Members as demonstrated herein.

43. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

44. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

45. Plaintiff incorporates by reference each allegation set forth above.

46. Pursuant to California Business and Professions Code section 17500,

*et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

47. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

48. Defendant misled consumers by making misrepresentations and untrue statements about consumers having regular access to their funds in order to solicit these transactions.

49. Defendants represented that RushCard customers would have full access to the funds in their accounts, except for a noticed 5-hour period on October 12, 2015. Defendants also represented that funds in RushCard accounts would be secure and protected

50. Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

51. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property. Plaintiff reasonably relied upon Defendant's representations, and was deprived of the funds in his RushCard account for over three months, and therefore Plaintiff and other Class Members have suffered injury in fact.

52. Plaintiff alleges that these false and misleading written

representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

53. Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the interest would be lower.

54. Thus, Defendant knowingly made such false representations to Plaintiff and other putative class members..

55. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.  Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
## Violation of Unfair Business Practices Act
## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

56. Plaintiff incorporates by reference each allegation set forth above.

57. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial

injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

58. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

59. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

60. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's misrepresentation regarding the security of their accounts and their continued access to their own funds. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

61. Moreover, Defendant's conduct as alleged herein solely benefits

Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the they would have constant access to their funds and that their funds would be secure. In fact, this was not the case for Plaintiff and other putative class members, Defendant unfairly profited. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

62. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that interest, these consumers suffered injury in fact due to Defendant's charging of higher interest to them. Defendant failed to take reasonable steps to correct the damages that Plaintiff and class members were suffering, failed to provide access to their accounts, and failed to even connect them with a helpful customer service representative. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to deposit their funds into RushCard accounts. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

63. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

64. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

65. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike

common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

66. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiff deposited his funds into his account under the basic assumption that he would have regular access to the account. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

67. As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest as producing the services.

68. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

69. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

70. As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest, falsely representing the interest rate..

71. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to charge higher interest, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the higher interest, Plaintiff and Class Members would not have paid the higher interest. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

72. These representations by Defendant are therefore an "unlawful"

business practice or act under Business and Professions Code Section 17200 *et seq*.

73. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## THIRD CAUSE OF ACTION
## NEGLIGENCE (On behalf of the Class)

74. Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as though fully set forth herein.

75. Defendants owed duties to Plaintiffs and the proposed Class as RushCard account holders and paying customers to use reasonable care to protect and secure customer funds and provide access to those monies.

76. Defendants breached their duties to Plaintiffs and the proposed Class by failing to provide customers access to their RushCard funds for a prolonged period of time causing hardship to the Plaintiffs and the proposed classes.

77. Defendants breached their duties to Plaintiffs and the proposed Class by failing to secure customer funds in that customers have noted discrepancies in their account balances and funds missing.

78. Defendants failed to use reasonable care in communicating the information about the Rushcard system update and restriction of access to customer funds, as well as the safety and security of account funds.

79. Plaintiffs and the proposed Class justifiably relied upon the

information supplied and representations made by Defendants, and, as a result, engaged in business with Defendants and lost money.

80. As a direct and proximate result of Defendants' negligence, Plaintiffs and the proposed Class were damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## FRAUD AND MISREPRESENTATION (On Behalf of the Class)

81. Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as though fully set forth herein.

82. Defendants made material representations that were false, that defendants knew were false or were reckless as to the veracity and made with the inducement for Plaintiffs and the proposed Class to act upon.

83. Specifically, and as detailed above, Defendants represented that RushCard customers would have complete access to their funds, except for a 5-hour period during the early morning hours of October 12, 2015. Further, Defendants represented that RushCard customer funds would be secure and protected.

84. Plaintiffs and the proposed Class acted in reliance on the false, material representations and omissions made by Defendants, which caused them injury.

85. Plaintiffs and the proposed Class would not have deposited money into their RushCard accounts if they had known that they would be denied access to their funds for a prolonged period of time or if they had known that monies would go missing from their accounts.

86. Defendants were aware that access to and protection of funds was a material fact in inducing Plaintiffs and the proposed Class to give them money in exchange for services and agreeing to the alleged contract.

87. As a result of Defendants' fraudulent representations and fraudulent omissions, Plaintiffs and the proposed Class were induced into a contract that they otherwise would not have made and suffered financial injury, harm and damages as described in this Complaint.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT (On Behalf of the Class)

88. Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as though fully set forth herein.

89. Plaintiffs and the proposed Class have conferred a benefit upon Defendants by purchasing and depositing monies into Defendants' RushCard, which did not perform as promised and/or did not have the attributes and benefits promised by Defendants.

90. By their unfair, misleading and unlawful conduct alleged herein, Defendants have unjustly received and retained benefits at the expense of Plaintiffs and the proposed Class, including funds that Plaintiffs and the proposed Class paid to Defendants and funds deposited to Defendants' RushCard.

91. Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiffs and the proposed Class that they unjustly received as result of its unfair, misleading and unlawful conduct alleged herein without providing compensation to Plaintiffs and the proposed Class.

92. Plaintiffs and the proposed Class have suffered financial loss as a direct result of Defendant's conduct.

93. Plaintiffs and Class Members are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits and other compensation obtained by Defendants, and for such other

relief that this Court deems proper, as a result of their unfair, misleading and unlawful conduct.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT (On Behalf of the Class)

94. Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as though fully set forth herein.

95. Plaintiffs, and each member of the proposed Class, formed a contract with Defendants at the time they purchased a RushCard. The terms of that contract include the promises and affirmations of fact made by Defendants through their marketing materials and statements, as described above, which constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiffs and the members of the proposed Class on the one hand, and Defendants on the other.

96. In exchange for Defendants' promise of safety and convenience, Plaintiffs and Class members paid monthly fees and other charges for their RushCards.

97. Plaintiff and Class members gave consideration that was fair and reasonable, and have performed all conditions, covenants, and promises required to be performed.

98. Defendants breached the terms of this contract, including the express warranties, with Plaintiffs and the proposed Class by denying customers access to their funds and, thus, not providing a product and service which provided the promised benefits as described above.

99. As a result of Defendant's breach of its contract and warranties, Plaintiffs and the proposed Class have been damaged in an amount to be proven at trial.

///

## SEVENTH CAUSE OF ACTION
## CONVERSION (On Behalf of the Class)

100. Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as though fully set forth herein.

101. Plaintiffs, and each member of the Class, deposited money into their RushCard accounts.

102. Defendants knowingly and intentionally exercised control over the monies belonging to Plaintiffs and Class members, retraining funds and denying Plaintiffs and Class members access to their funds.

103. Because of the unlawful restraint imposed by Defendants, the rights of Plaintiffs and the Class members in their funds were interfered with and their funds could not be used in the matter in which they desired.

104. Defendants also unlawfully imposed fees upon Plaintiffs and the Class members in connection with these restraints, depriving them of the use and control over their property.

105. As a result of the foregoing actions of Defendants, Plaintiffs and the proposed Class have been damaged in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY (On Behalf of the Class)

106. Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as though fully set forth herein.

107. Defendants owed a fiduciary duty to Plaintiffs and Class members to protect, secure and retain all monies that lawfully belonged to them.

108. As alleged herein, Defendants breached those fiduciary duties by restraining funds ds that they had no right to restrain and in unlawfully charging fees to Plaintiffs and Class members during this period of restraint.

109. Defendants breached those fiduciary duties by denying Plaintiffs

and Class members access to the funds that lawfully belonged to them.

110. Defendants breached those fiduciary duties by failing to secure and protect all of the funds Plaintiffs and Class members had in their RushCard accounts.

111. As a result of the foregoing actions of Defendants, Plaintiffs and the proposed Class have been damaged in an amount to be proven at trial.

## MISCELLANEOUS

112. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

113. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

114. Plaintiff, on behalf of himself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a) An order certifying the undersigned counsel as Class Counsel;

(b) An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c) An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

(d) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the charging higher interest during the relevant class period;

(e) Punitive damages, as allowable, in an amount determined by

the Court or jury;

(f) Any and all statutory enhanced damages;

(g) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h) Pre- and post-judgment interest; and

(i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  April 7, 2016                    Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
    TODD M. FRIEDMAN, ESQ.
    Attorney for Plaintiff Calvin Smith